1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com

9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com

13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC

15
                    UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-02692-CRB
                                        )
21  This document relates to            )
                                        )   **PFIZER INC., PHARMACIA
22  LORRAINE MAHER,                     )   CORPORATION, AND G.D.
                                        )   SEARLE LLC'S ANSWER TO
                Plaintiff,              )   COMPLAINT**
23                                      )
           vs.                          )   **JURY DEMAND ENDORSED
24                                      )   HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
    CO.),                               )
26                                      )
                Defendants.             )
27                                      )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                            I.

6                            **PRELIMINARY STATEMENT**

7         The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9    generally.    Defendants may seek leave to amend this Answer when discovery reveals the

10   specific time periods in which Plaintiff was prescribed and used Celebrex®.

11                                          II.

12                                       **ANSWER**

13        Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15   that Plaintiff is entitled to any relief or damages.    Defendants admit that, during certain periods

16   of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18   with their approval by the FDA.    Defendants admit that, during certain periods of time,

19   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.    Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-2-

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare

1   providers who are by law authorized to prescribe drugs in accordance with their approval by the

2   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3   5.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

5   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

7   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

8   Celebrex® in the United States to be prescribed by healthcare providers who are by law

9   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

10  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

11  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

22  adequately described in its FDA-approved prescribing information, which was at all times

23  adequate and comported with applicable standards of care and law.  Defendants deny any

24  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25  7.      Defendants state that the allegations in this paragraph of the Complaint regarding

26  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the State of New York or the State of California and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Hawaii and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of Hawaii, New York, or California and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

2    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

3    Panel on Multidistrict Litigation on September 6, 2005.

4                              **Response to Factual Allegations**

5    12.     Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    13.     Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

11   condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

12   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

13   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

14   adequately described in its FDA-approved prescribing information, which was at all times

15   adequate and comported with applicable standards of care and law.  Defendants deny that

16   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

17   paragraph of the Complaint.

18   14.     Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny the remaining allegations in this

25   paragraph of the Complaint.

26   15.     Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Answering the second Paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

2    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

3    19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

4    towards Defendants and, therefore, no response is required.  To the extent that a response is

5    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

6    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

7    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

8    20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

9    towards Defendants and, therefore, no response is required.  To the extent that a response is

10    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

11    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

12    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

13    21.    Plaintiff's Complaint omits Paragraph Number 21.

14    22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

15    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

16    required.  To the extent a response is deemed required, Defendants state that, as stated in the

17    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

18    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

19    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

20    cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the

21    remaining allegations in this paragraph and Defendants therefore lack sufficient information or

22    knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

23    allegations in this paragraph of the Complaint.

24    23.    Defendants state that the allegations in this paragraph of the Complaint regarding

25    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

26    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

27    the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

28    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

1  primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in
2  humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants
3  state that Celebrex® was and is safe and effective when used in accordance with its FDA-
4  approved prescribing information. Defendants state that the potential effects of Celebrex®
5  were and are adequately described in its FDA-approved prescribing information, which was at
6  all times adequate and comported with applicable standards of care and law. Defendants deny
7  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

8  24.     Defendants admit that Searle submitted a New Drug Application ("NDA") for
9  Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted
10 approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of
11 osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.
12 Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to
13 reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis
14 ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny
15 the remaining allegations in this paragraph of the Complaint.

16 25.     Defendants admit that Celebrex® was launched in February 1999. Defendants admit
17 that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted
18 Celebrex® in the United States to be prescribed by healthcare providers who are by law
19 authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit
20 that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,
21 which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States
22 to be prescribed by healthcare providers who are by law authorized to prescribe drugs in
23 accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe
24 and effective when used in accordance with its FDA-approved prescribing information.
25 Defendants state that the potential effects of Celebrex® were and are adequately described in its
26 FDA-approved prescribing information, which was at all times adequate and comported with
27 applicable standards of care and law. Defendants deny any wrongful conduct and deny the
28 remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

26.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer the Court to the FDA Update for its actual language and text.  Any attempt to characterize the FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Plaintiff's Complaint omits Paragraph Number 32.

33.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

38.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants admit that there was a clinical trial called APC.  Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    50.    Defendants state that the referenced article speaks for itself and respectfully refer the

2    Court to the article for its actual language and text.  Any attempt to characterize the article is

3    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4    51.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

5    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

6    therefore lack sufficient information or knowledge to form a belief as to the truth of such

7    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

8    themselves and respectfully refer the Court to the studies for their actual language and text.

9    Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

10   this paragraph of the Complaint.

11   52.    Defendants state that the referenced Medical Officer Review speaks for itself and

12   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

13   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

14   allegations in this paragraph of the Complaint.

15   53.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

16   are not directed toward Defendants, and therefore no response is required.  To the extent that a

17   response is deemed required, Plaintiff fails to provide the proper context for the allegations in

18   this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

19   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

20   such allegations and, therefore, deny the same.  Defendants state that the referenced study

21   speaks for itself and respectfully refer the Court to the study for its actual language and text.

22   Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

23   this paragraph of the Complaint.

24   54.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

25   Complaint are not directed toward Defendants, and therefore no response is required.  To the

26   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

27   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

28   of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

57.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants deny the allegations in this paragraph of the Complaint.

60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

61.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

62.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

2  of the Complaint.

3  66.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

4  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

5  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

6  Defendants deny the remaining allegations in this paragraph of the Complaint.

7  67.    Defendants state that the referenced article speaks for itself and respectfully refer the

8  Court to the article for its actual language and text.  Any attempt to characterize the article is

9  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  68.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

11  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

12  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

19  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

20  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

22  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

23  United States to be prescribed by healthcare providers who are by law authorized to prescribe

24  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

25  allegations in this paragraph of the Complaint.

26  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

73. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

74. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75. Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    76.    Defendants deny the allegations in this paragraph of the Complaint.

7    77.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   78.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   79.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

22   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

23   paragraph of the Complaint.

24   80.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® are and were adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® are and were adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

13   the study for its actual language and text.  Any attempt to characterize the study is denied.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   83.    Defendants deny any wrongful conduct and deny the remaining allegations in this

17   paragraph of the Complaint.

18   84.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® are and were adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   **Response to First Cause of Action: Negligence**

27   85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

28   Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  86.    Defendants state that this paragraph of the Complaint contains legal contentions to

2  which no response is required.  To the extent that a response is deemed required, Defendants

3  admit that they had duties as are imposed by law but deny having breached such duties.

4  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

5  FDA-approved prescribing information.    Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  87.    Defendants state that this paragraph of the Complaint contains legal contentions to

11  which no response is required.  To the extent that a response is deemed required, Defendants

12  admit that they had duties as are imposed by law but deny having breached such duties.

13  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

14  FDA-approved prescribing information.    Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint.

19  88.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint, including all subparts.

27  89.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    <u>**Response to Second Cause of Action: Strict Liability**</u>

4    95.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

5    Complaint as if fully set forth herein.

6    96.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

9    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

10   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

11   with their approval by the FDA.  Defendants admit that, during certain periods of time,

12   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

13   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

14   providers who are by law authorized to prescribe drugs in accordance with their approval by the

15   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

16   consumers without substantial change from the time of sale.  Defendants deny the remaining

17   allegations in this paragraph of the Complaint.

18   97.    Plaintiff's Complaint omits Paragraph Number 97.

19   98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny the remaining allegations in this paragraph of the Complaint.

24   99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2    100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information. Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

7    remaining allegations in this paragraph of the Complaint, including all subparts.

8    101.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information. Defendants

12   state that the potential effects of Celebrex® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

15   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

16   remaining allegations in this paragraph of the Complaint.

17   102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information. Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

22   remaining allegations in this paragraph of the Complaint.

23   103.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

26   effective when used in accordance with its FDA-approved prescribing information. Defendants

27   state that the potential effects of Celebrex® were and are adequately described in its FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

2  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

3  remaining allegations in this paragraph of the Complaint.

4  104.   Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information. Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  105.   Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information. Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

17  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

18  paragraph of the Complaint.

19  106.   Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  107.   Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111.    Plaintiff's Complaint omits Paragraph Number 111.

## **Response to Third Cause of Action: Breach of Express Warranty**

112.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants admit that they provided FDA-approved

3   prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

4   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

5   115.    Defendants admit that they provided FDA-approved prescribing information regarding

6   Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7   paragraph of the Complaint.

8   116.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  117.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  118.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants admit that they provided FDA-approved prescribing information regarding

26  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    121.    Plaintiff's Complaint omits Paragraph Number 121.

4    122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    **<u>Response to Fourth Cause of Action: Breach of Implied Warranty</u>**

7    123.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8    Complaint as if fully set forth herein.

9    124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

11   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

12   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

13   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

14   Celebrex® in the United States to be prescribed by healthcare providers who are by law

15   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

16   the remaining allegations in this paragraph of the Complaint.

17   125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants admit that they provided FDA-approved prescribing information regarding

22   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny the remaining allegations in this paragraph of the Complaint.

28   127.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

3   approved prescribing information.  Defendants state that the potential effects of Celebrex®

4   were and are adequately described in its FDA-approved prescribing information, which was at

5   all times adequate and comported with applicable standards of care and law.  Defendants deny

6   any wrongful conduct, deny that they breached any warranty, and deny the remaining

7   allegations in this paragraph of the Complaint.

8   128.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

11  medication which is approved by the FDA for the following indications: (1) for relief of the

12  signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

13  arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

14  primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

15  adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

16  surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

17  signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

18  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  129.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants admit that they provided FDA-approved

26  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

27  this paragraph of the Complaint.

28  130.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-30-

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2   Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

3   Celebrex® was expected to reach users and consumers without substantial change from the

4   time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5   131.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

12  breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

13  132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

14  damage, and deny the remaining allegations in this paragraph of the Complaint.

15  133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

16  damage, and deny the remaining allegations in this paragraph of the Complaint.

17  134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

18  damage, and deny the remaining allegations in this paragraph of the Complaint.

19  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

20  135.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21  Complaint as if fully set forth herein.

22  136.    Defendants state that this paragraph of the Complaint contains legal contentions to

23  which no response is required.  To the extent that a response is deemed required, Defendants

24  admit that they had duties as are imposed by law but deny having breached such duties.

25  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

26  FDA-approved prescribing information.    Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    137.    Plaintiff's Complaint omits Paragraph Number 137.

4    138.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint, including all subparts.

10   139.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   140.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

23   Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

24   paragraph of the Complaint.

25   141.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-02692-CRB

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    142.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   143.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   144.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   145.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information.  Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    146.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Celebrex® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   147.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18   effective when used in accordance with its FDA-approved prescribing information.  Defendants

19   state that the potential effects of Celebrex® were and are adequately described in its FDA-

20   approved prescribing information, which was at all times adequate and comported with

21   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22   remaining allegations in this paragraph of the Complaint.

23   148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27   150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28   damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Sixth Cause of Action: Unjust Enrichment**

151.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

152.    Plaintiff's Complaint omits Paragraph Number 152.

153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## <u>Response to Seventh Cause of Action:</u>

## <u>State Consumer Fraud and Deceptive Trade Practices Act</u>

158.    Answering the second Paragraph 158 of the Complaint, Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

159.    Plaintiff's Complaint omits Paragraph Number 159.

160.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

2   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Celebrex® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

7   and deny the remaining allegations in this paragraph of the Complaint.

8   163.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

10   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11   164.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

13   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   165.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is required.  To the extent that a response is deemed required, Defendants

21   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

22   Complaint.

23   166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27   168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28   damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    170.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    **Response to Eighth Cause of Action:  State Suppliers Liability Statute**

6    171.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

7    Complaint as if fully set forth herein.

8    172.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

11    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

12    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

13    with their approval by the FDA.  Defendants admit that, during certain periods of time,

14    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

15    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

16    providers who are by law authorized to prescribe drugs in accordance with their approval by the

17    FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

18    consumers without substantial change from the time of sale.  Defendants deny the remaining

19    allegations in this paragraph of the Complaint.

20    173.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants state that the potential effects of

22    Celebrex® were and are adequately described in its FDA-approved prescribing information,

23    which was at all times adequate and comported with applicable standards of care and law.

24    Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

25    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

26    174.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Celebrex® were and are adequately described in its FDA-approved prescribing information,

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

3  dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

4  subparts.

5  175.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

13  remaining allegations in this paragraph of the Complaint.

14  176.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  177.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

28  remaining allegations in this paragraph of the Complaint.

1    178.    Plaintiff's Complaint omits Paragraph Number 178.

2    179.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    180.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11    effective when used in accordance with its FDA-approved prescribing information.  Defendants

12    state that the potential effects of Celebrex® were and are adequately described in its FDA-

13    approved prescribing information, which was at all times adequate and comported with

14    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15    remaining allegations in this paragraph of the Complaint.

16    181.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Celebrex® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21    the Complaint.

22    182.    Defendants are without knowledge or information sufficient to form a belief as to the

23    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25    effective when used in accordance with its FDA-approved prescribing information.  Defendants

26    state that the potential effects of Celebrex® were and are adequately described in its FDA-

27    approved prescribing information, which was at all times adequate and comported with

28    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    183.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    184.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    185.    Defendants state that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendants

8    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

9    the remaining allegations in this paragraph of the Complaint.

10    186.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11    damage, and deny the remaining allegations in this paragraph of the Complaint.

12                  **Response to Ninth Cause of Action: Unjust Enrichment**

13    187.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

14    Complaint as if fully set forth herein.

15    188.    Defendants state that this paragraph of the Complaint contains legal contentions to

16    which no response is required.  To the extent that a response is deemed required, Defendants

17    admit that they had duties as are imposed by law but deny having breached such duties.

18    Defendants deny the remaining allegations in this paragraph of the Complaint.

19    189.    Defendants are without knowledge or information sufficient to form a belief as to the

20    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

21    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Celebrex® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26    the Complaint.

27    190.    Defendants are without knowledge or information sufficient to form a belief as to the

28    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

191.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

192.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

193.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

194.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

195.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

196.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

197.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    198.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4
### Response to Prayer For Relief

5    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

6    damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

7    Relief," including all subparts.

8
### III.

9
### GENERAL DENIAL

10    Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

11    Complaint that have not been previously admitted, denied, or explained.

12
### IV.

13
### AFFIRMATIVE DEFENSES

14    Defendants reserve the right to rely upon any of the following or additional defenses to

15    claims asserted by Plaintiff to the extent that such defenses are supported by information

16    developed through discovery or evidence at trial.  Defendants affirmatively show that:

17
### First Defense

18    1.    The Complaint fails to state a claim upon which relief can be granted.

19
### Second Defense

20    2.    Celebrex® is a prescription medical product.  The federal government has preempted

21    the field of law applicable to the labeling and warning of prescription medical products.

22    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

23    federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

24    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

25    and violate the Supremacy Clause of the United States Constitution.

26
### Third Defense

27    3.    At all relevant times, Defendants provided proper warnings, information and

28    instructions for the drug in accordance with generally recognized and prevailing standards in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  existence at the time.

2                          **Fourth Defense**

3    4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

4    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

5    knowledge at the time the drug was manufactured, marketed and distributed.

6                          **Fifth Defense**

7    5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the

8    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

9                          **Sixth Defense**

10   6.      Plaintiff's action is barred by the statute of repose.

11                         **Seventh Defense**

12   7.      Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

13   negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by

14   Plaintiff should be diminished accordingly.

15                         **Eighth Defense**

16   8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or

17   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

18   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

19   liable in any way.

20                         **Ninth Defense**

21   9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

22   intervening causes for which Defendants cannot be liable.

23                         **Tenth Defense**

24   10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were

25   proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

26   of God.

27                         **Eleventh Defense**

28   11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-44-

1

**Twelfth Defense**

2

12.    A manufacturer has no duty to warn patients or the general public of any risk,

3

contraindication, or adverse effect associated with the use of a prescription medical product.

4

Rather, the law requires that all such warnings and appropriate information be given to the

5

prescribing physician and the medical profession, which act as a "learned intermediary" in

6

determining the use of the product.  Celebrex® is a prescription medical product, available only

7

on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

8

treating and prescribing physicians.

9

**Thirteenth Defense**

10

13.    The product at issue was not in a defective condition or unreasonably dangerous at the

11

time it left the control of the manufacturer or seller.

12

**Fourteenth Defense**

13

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

14

for its intended use and the warnings and instructions accompanying Celebrex® at the time of

15

the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

16

**Fifteenth Defense**

17

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

18

Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

19

standard of care.

20

**Sixteenth Defense**

21

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of

22

the product Celebrex® after the product left the control of Defendants and any liability of

23

Defendants is therefore barred.

24

**Seventeenth Defense**

25

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

26

Defendants.

27

**Eighteenth Defense**

28

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-45-

1  conditions unrelated to Celebrex®.

2  **Nineteenth Defense**

3  19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

4  the doctrine of assumption of the risk bars or diminishes any recovery.

5  **Twentieth Defense**

6  20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

7  preempted in accordance with the Supremacy Clause of the United States Constitution and by

8  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

9  **Twenty-first Defense**

10  21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

11  the subject pharmaceutical product at issue was subject to and received pre-market approval by

12  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

13  **Twenty-second Defense**

14  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

15  Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

16  and Plaintiff's causes of action are preempted.

17  **Twenty-third Defense**

18  23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

19  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

20  issue under applicable federal laws, regulations, and rules.

21  **Twenty-fourth Defense**

22  24.    Plaintiff's claims are barred in whole or in part because there is no private right of

23  action concerning matters regulated by the Food and Drug Administration under applicable

24  federal laws, regulations, and rules.

25  **Twenty-fifth Defense**

26  25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

27  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

28  of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of New York and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of New York and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

1

**Forty-second Defense**

2

42.   The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

3

was not unreasonably dangerous or defective, was suitable for the purpose for which it was

4

intended, and was distributed with adequate and sufficient warnings.

5

**Forty-third Defense**

6

43.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

7

waiver, and/or estoppel.

8

**Forty-fourth Defense**

9

44.   Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

10

pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

11

illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

12

independent of or far removed from Defendants' conduct.

13

**Forty-fifth Defense**

14

45.   The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

15

did not proximately cause injuries or damages to Plaintiff.

16

**Forty-sixth Defense**

17

46.   The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

18

did not incur any ascertainable loss as a result of Defendants' conduct.

19

**Forty-seventh Defense**

20

47.   The claims asserted in the Complaint are barred, in whole or in part, because the

21

manufacturing, labeling, packaging, and any advertising of the product complied with the

22

applicable codes, standards and regulations established, adopted, promulgated or approved by

23

any applicable regulatory body, including but not limited to the United States, any state, and

24

any agency thereof.

25

**Forty-eighth Defense**

26

48.   The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

27

product labeling contained the information that Plaintiff contends should have been provided.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2    ### Fifty-fifth Defense

3    55.    Defendants state on information and belief that the Complaint and each purported cause

4    of action contained therein is barred by the statutes of limitations contained in California Code

5    of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

6    as may apply.

7    ### Fifty-sixth Defense

8    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9    by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

10   conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

11   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12   ### Fifty-seventh Defense

13   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

14   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

16   damages is also barred under California Civil Code § 3294(b).

17   ### Fifty-eighth Defense

18   58.    In the event Plaintiff recovers a verdict or judgment against Defendants, then said

19   verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State

20   or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty,

21   replace or indemnify Plaintiff, in whole or in part, for any past or future claimed medical

22   expenses or other such economic loss, paid from any collateral source such as insurance, social

23   security, workers' compensation or employee benefit programs.

24   ### Fifty-ninth Defense

25   59.    In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth

26   statutes, the liability of Defendants, if any, to Plaintiff for non-economic loss is limited to its

27   equitable share, determined in accordance with the relative culpability of all persons or entities

28   contributing to the total liability for non-economic loss, including named parties and others over

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  whom Plaintiff could have obtained personal jurisdiction with due diligence.

### Sixtieth Defense

60.    In accordance with General Obligations Law 15-108, if Plaintiff executes a release or a covenant not to sue for a tortfeasor in this action, Plaintiff's damage claim against Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR 1401 et seq., whichever is greatest.

### Sixty-first Defense

61.    The conduct of Defendants and all activities with respect to the subject products were fair and truthful based upon the knowledge existing at the relevant time alleged in the Complaint.  Therefore, Plaintiff's claims under New York Business Corporation Law § 349 are barred.

### Sixty-second Defense

62.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2    September 19, 2007                      GORDON & REES LLP

3

4                                            By: : _____/s/_____
                                                 Stuart M. Gordon
5                                                sgordon@gordonrees.com
                                                 Embarcadero Center West
6                                                275 Battery Street, 20th Floor
                                                 San Francisco, CA 94111
7                                                Telephone: (415) 986-5900
                                                 Fax: (415) 986-8054

8

9    September 19, 2007                      TUCKER ELLIS & WEST LLP

10

11                                           By: : _____/s/_____
                                                 Michael C. Zellers
12                                               michael.zellers@tuckerellis.com
                                                 515 South Flower Street, Suite 4200
13                                               Los Angeles, CA 90071
                                                 Telephone: (213) 430-3400
14                                               Fax: (213) 430-3409

15                                           Attorneys for Defendants
                                             PFIZER INC, PHARMACIA
16                                           CORPORATION, and G.D. SEARLE
                                             LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

September 19, 2007                    GORDON & REES LLP


By: :_____/s/_____
      Stuart M. Gordon
      sgordon@gordonrees.com
      Embarcadero Center West
      275 Battery Street, 20th Floor
      San Francisco, CA  94111
      Telephone:  (415) 986-5900
      Fax:  (415) 986-8054

September 19, 2007                    TUCKER ELLIS & WEST LLP


By: :_____/s/_____
      Michael C. Zellers
      michael.zellers@tuckerellis.com
      515 South Flower Street, Suite 4200
      Los Angeles, CA 90071
      Telephone:  (213) 430-3400
      Fax:  (213) 430-3409

      Attorneys for Defendants
      PFIZER INC, PHARMACIA
      CORPORATION, and G.D. SEARLE
      LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111